NINA L. MURPHY ET AL., PLAINTIFFS-RESPONDENTS, v. BOROUGH OF POINT PLEASANT BEACH, DEFENDANT-APPELLANT.

Argued May 2d, 1939—Decided August 15, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the appellant, *Charles B. Ferguson* and *George A. Bourgeois.*

For the respondents, *Ewart & Bennett.*

PER CURIAM.

This is an appeal from a judgment of the Ocean County Court of Common Pleas in an ejectment suit instituted by the plaintiffs-respondents to obtain possession of a strip of sand beach about one hundred feet in width adjacent to the

high-water mark of the Atlantic ocean in the borough of Point Pleasant Beach, the defendant-appellant. The issue raised by the pleadings, developed at the trial and submitted to the jury was whether or not there had been a dedication of the lands in question to public use and an acceptance of such dedication. The jury found for the plaintiffs and judgment was entered in their favor.

A large tract of land, which included the premises involved, was owned by the Point Pleasant Land Co. in 1877 and that company laid out streets and lots. On August of 1878 that company filed in the office of the clerk of Ocean county two maps showing the locality and thereafter sold lots by reference to these maps. On these maps the entire tract was platted into numbered lots, streets and vacant spaces. A section of low land unsuitable for construction purposes was marked out as Mineral Lake. The strip of beach was not marked out into lots but was shown on the map without any designation. The appellant relies upon these maps as conclusive evidence of a dedication to public use.

The Point Pleasant Land Company came into the control of Edward H. Murphy, father of the plaintiffs, who derive their title through him from the Land Company. The paper title of the plaintiff's is not disputed.

The lands were apparently used as similar lands are used at seashore resorts for bathing, beach parties and the like. Edward H. Murphy for some years operated a bathing house at the point, renting bath houses and suits. In about 1896 a boardwalk was constructed by the borough over part of the premises. A written license and permit was obtained from Murphy by the borough for this purpose, and such permission was obtained from time to time for periods of various lengths up to 1930, after which disputes occurred between the parties over the use of the land by the borough without permission of the plaintiffs.

There is evidence that the Murphys over a period of years extending from 1896 to 1930, and later, exercised the jurisdiction of owners of the lands in question. They licensed the erection of the boardwalk; maintained a bathing beach, with poles and ropes; employed life guards; policed and cleaned.

the beach; erected bulkheads; granted permission to a charitable organization to use a section of the beach for bathing by children and erected bath houses for their use. They have paid taxes assessed against the lands down to and including the year 1938.

By a number of formal actions the defendant borough has recognized the domain of the plaintiffs and their predecessors over the premises. In 1929 an ordinance authorizing condemnation was passed. As late as 1937 the governing body denied responsibility for the condition of the beach at the point in question upon complaint of a resident that old wire was permitted to remain on the beach in front of her house.

In the situation developed by the proofs, the trial judge submitted to the jury the question of whether or not there had been a dedication to public use, completed by use of the lands by the public for the purpose for which they were alleged to have been dedicated.

The first point is that the trial court erred in refusing to direct a verdict for the defendant. It is urged that the reason assigned by the court for refusing the direction was erroneous, but the reason assigned is of no importance; if the ruling was correct for any reason it will be affirmed. It is next urged that the motion for directed verdict should have been granted because the undisputed acts and conduct of the owner of the land constituted a dedication of the premises in dispute to public use, which dedication had never been released, revoked or abrogated.

Appellant contends that the maps referred to constituted a dedication of the beach lands to public use. But we find nothing about the maps which conclusively indicates a dedication. The beach tract was not designated as park land or public land in any way. It was unmarked. It is contended that it is not necessary to constitute a dedication that the platted public place should be given any name, citing *Weger* v. *Delvan*, 61 *N. J. L.* 224; *Fessler* v. *Town of Union*, 67 *N. J. Eq.* 14. But in those cases the locations were indicated as public parks by the drawing on the maps of trees, paths, a fountain and a lake, clearly depicting a public park. Furthermore, in those cases, the maps were held merely to be

evidence of dedication to be considered along with other facts, and not to be conclusive proof which precluded contradiction.

It is further contended that the dedication became immediately effective in favor of the public and could not thereafter be abandoned, or surrendered by the municipal authorities. If this be conceded, we still are of the opinion that the subsequent conduct of the municipal authorities was pertinent evidence on the question of whether or not there had been a dedication and acceptance.

It is also urged under this point that the expenditure of public money in the upkeep of the property and the use of it by the public constituted an acceptance of the dedication. The conduct of the borough authorities is, we think, to be considered along with all the other facts. All acts which would tend to show the beach was treated as a public park as well as the conduct which, by recognizing the interests of the record owners, would indicate there had not been established a public place as claimed, were admissible.

We are of the opinion that there was a jury question as to dedication and acceptance of the premises as a public park.

The next point is that it was error to permit a question to be asked of a witness for the defendant, on cross-examination, concerning the existence of certain bulkheads. This was harmless, if erroneous, because the existence of these bulkheads had already been established by the testimony of another defense witness on direct examination, and for the further reason that the witness replied, "I cannot answer that."

It is next argued that it was error to permit certain minutes of borough council to be read into evidence because the dedication was made in 1878 and could not thereafter be impaired. As stated above, we think there was no conclusive evidence of a dedication in 1878 and the conduct of the parties subsequent to 1878 was evidential of the true situation.

The next point is that it was error for the court to charge:

"Now, I charge you that if you find that all the public did in this case was to casually walk upon the beach and go bathing in the ocean where the land adjoins it, and the doing of such like acts, and the Borough of Point Pleasant Beach, itself, did no act which amounted to an appropriation of the

land against the true owner for a time which would give it a prescriptive right, the dedication fails."

This rule of law was approved in *Beach Realty Co.* v. *City of Wildwood,* 105 *N. J. L.* 317, and we think the factual situation and the issues here are sufficiently similar to make it applicable here. Appellant contends that this charge limited the jury to a determination of this one question and took away from it all the other questions touching dedication previously charged. But we think this cannot be the effect of it. The charge must be considered in its entirety. The jury was still entitled to consider the maps and find for the defendant if they concluded a dedication had been made thereby.

The judgment is affirmed, with costs.